PEOPLE v CARROLL

PEOPLE v ROSS

Docket No. 55251. Argued June 5, 1975 (Calendar No. 8).—Decided April 21, 1976.

Thomas W. Carroll and Charles L. Ross were convicted by a jury in Saginaw Circuit Court, Eugene Snow Huff, J., of breaking and entering with intent to commit larceny. The Court of Appeals, Holbrook, P. J., and Danhof and Adams, JJ., affirmed (Docket Nos. 14531, 14854). Defendants appeal. *Held:*

1. A motion to suppress evidence must be made prior to trial or, within the trial court's discretion, at trial. The motion allows the judge to make an initial determination on the admissibility of the evidence and serves as a means to finely tune the facts for appellate review. It is improper to review the failure to suppress evidence where no motion to suppress was made.

2. Inquiry by the trial court into suspected tainting of the jury's impartiality is not erroneous where the court conducted the inquiry in chambers with all counsel present but in the absence of the defendants. The defendant's physical presence is not required if his counsel is present representing him because, under the circumstances, there are no rights held by the defendant which his presence would have afforded him that his counsel could not exercise in his absence.

3. No abuse of discretion was shown in the denial of defendant Carroll's motion for separate trials because the record shows that the defenses differed but were not inconsistent.

Justice Williams concurred but would not agree with any suggestion that as long as defense counsel is present, the defendant's presence is unnecessary.

Justice Levin concurred but wrote that proceeding in the

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 177 *et seq.*
[2] 75 Am Jur 2d, Trial § 51.
[3] 75 Am Jur 2d, Trial §§ 7–24.
[4] 75 Am Jur 2d, Trial §§ 52–55.
[5–8] 75 Am Jur 2d, Trial §§ 45–67.

absence of the defendant is a bad practice and disagreed with the statement that there are no rights held by the defendant which his presence would have afforded him that his counsel cannot exercise in his absence. One of the most basic of the rights guaranteed by the Confrontation Clause of the Constitution is the accused's right to be present at every stage of his trial. This right cannot be defeated by conducting proceedings in chambers or by proceeding in the presence of his counsel only. Absent a claim and showing of a reasonable possibility of prejudice because the proceedings might have been different had defendants been present, however, there is no reversible error.

Chief Justice Kavanagh dissented on the grounds that the defendant has the right to be present during the conduct of the prosecution to give advice or suggestion or even to supersede his lawyers and conduct the trial himself. The right to be present may be waived but a waiver will not be presumed from a silent record. A defendant deprived of his constitutional right to be present at all stages of his trial is not required to prove prejudice to obtain a reversal of his conviction.

49 Mich App 44; 211 NW2d 233 (1973) affirmed.

### OPINION OF THE COURT

1. CRIMINAL LAW—TRIAL—EVIDENCE—MOTION TO SUPRESS.

   A motion to suppress evidence must be made prior to trial or, within the trial court's discretion, at trial to allow the judge to make the initial determination and to finely tune the facts for appellate review.

2. CRIMINAL LAW—TRIAL—IMPARTIALITY OF JURY—EXAMINATION OF WITNESSES—PRESENCE OF DEFENDANT.

   Examination of witnesses and jurors by the court in chambers in the absence of the defendant concerning suspected tainting of the jury's impartiality was not erroneous where all counsel were present at the examination and the absence of the defendant did not abrogate his right to exercise those privileges which could have been exercised had he been present.

3. CRIMINAL LAW—JOINT TRIALS—SEVERANCE.

   Denial of a defendant's motion for a separate trial is not an abuse of discretion unless there is an affirmative showing of prejudice to substantial rights of the accused; no abuse of discretion is demonstrated where defenses of the codefendants differed but were not inconsistent (MCL 768.5; MSA 28.1028).

CONCURRING OPINION

WILLIAMS, J.

4. CRIMINAL LAW—TRIAL—PRESENCE OF ACCUSED—PRESENCE OF
COUNSEL.

*The presence of defense counsel at trial does not make the
presence of the represented defendant unnecessary.*

CONCURRING OPINION

LEVIN, J.

5. CRIMINAL LAW—RIGHT TO CONFRONTATION—TRIAL—PRESENCE OF
ACCUSED.

*The accused's right to be present at every stage of his trial is one
of the most basic of the rights guaranteed by the Confrontation
Clause of the Constitution; this right cannot be defeated by
conducting proceedings in chambers or by proceeding in the
presence of his counsel only.*

6. CRIMINAL LAW—RIGHT TO CONFRONTATION—TRIAL—PRESENCE OF
ACCUSED.

*The standard by which to determine whether reversible error
occurred by proceeding in the absence of the defendant is
whether there is any reasonable possibility of prejudice to the
defendant.*

DISSENTING OPINION

KAVANAGH, C. J.

7. CRIMINAL LAW—CONSTITUTIONAL LAW—PRESENCE OF ACCUSED.

*The Sixth and Fourteenth Amendments confer on the accused
the right to be present during the conduct of the prosecution;
he has the right to give advice or suggestion or even to
supersede his lawyers and conduct the trial himself.*

8. CRIMINAL LAW—CONSTITUTIONAL LAW—PRESENCE OF ACCUSED—
WAIVER.

*A valid waiver of the right of the accused to be present at all
stages of the proceedings requires an intentional relinquish-
ment or abandonment of a known right or privilege; waiver
will not be presumed from a silent record and a defendant
deprived of this right is not required to prove prejudice.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *E. Brady Denton,*

Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Steven L. Schwartz)* for defendant.

LINDEMER, J. Defendants were apprehended in an early morning arrest following a police-interrupted attempted removal of two snowmobiles from the premises of a machinery company. A jury subsequently convicted them of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. The Court of Appeals affirmed as do we.

Defendants first claim that certain testimony offered at trial must be suppressed because it was the result of an illegal arrest. This was a warrantless arrest by officers who had not witnessed the crime but acted upon a police radio bulletin resulting from the combined intelligence of several investigating officers. The bulletin requested the apprehension of a described vehicle following a predicted route and containing two women and three men. Moments after the dispatch, defendants were apprehended in a car matching the described vehicle, traveling the predicted route, and containing two women and three men.

The police officers who stopped defendants' vehicle testified concerning descriptions, identities and other observations. Defendants seek to suppress this testimony. The prosecution argues that the police were justified in stopping the vehicle and questioning the suspects and therefore their testimony is admissible. We need not reach the merits because we find that this issue was not preserved for appeal. Defense counsel failed to make any objection to the testimony of the police officers on this basis. Additionally, no suppression motion was

ever made. A motion to suppress evidence must be made prior to trial or, within the trial court's discretion, at trial. *People v Ferguson,* 376 Mich 90; 135 NW2d 357 (1965). Such a motion allows the trial judge to make the initial determination and serves as a means to finely tune the facts for appellate review. It is improper to review this issue.

Defendants' second allegation of error is that the trial court acted improperly in making inquiry into suspected tainting of the jury's impartiality. The inquiries were all conducted in chambers in the presence of the prosecutor and all defense counsel, but defendants were absent. There was no objection made and no request that defendants be present.

The first inquiry involved a charge by defense counsel that a conversation involving a prosecution witness or witnesses and one juror was had in the hearing of a second juror. The court summoned the witness, who said that the subject matter of the conversation did not concern the instant case, that no juror had participated in the conversation, but that he did not know whether either juror had heard any part of it. A second participant in the conversation also stated that no juror had participated, but thought that one juror appeared to be listening. The court then offered to question the two jurors, but defense counsel responded negatively. At that time defendants had not used all their peremptory challenges, and although they subsequently did so, no challenges for cause against these two jurors were attempted. Both jurors participated in the verdict.

A second inquiry occurred shortly after opening statements when one of the jurors voluntarily indicated that he was acquainted with one of the

witnesses. Again the trial judge conducted an inquiry in chambers with all counsel present and again no challenge was made to the juror (who also participated in the verdict).

Defendants place reliance upon *People v Medcoff,* 344 Mich 108; 73 NW2d 537 (1955). It is reliance misplaced. In *Medcoff,* the court examined the jurors in the absence of defendants and their counsel. The test in *Medcoff* is whether or not the absence of the defendant during the inquiry abrogated the rights of defendant to exercise those privileges which could have been exercised had he been present. This is a test which does not involve defendant's physical presence if his counsel is there representing him, for under those circumstances, there are no rights held by the defendant which his presence would have afforded him that his counsel cannot exercise in his absence. Applying that test here, no error is demonstrated.

The juror involved on the other occasion (#5) was excused and therefore no error will lie. *People v Fountain,* 392 Mich 395; 221 NW2d 375 (1974). In this case, at the conclusion of all proofs the jury was excused and the court in the presence of the defendants and all counsel asked:

"Is there anything further before we recess."

At that point, counsel for defendant Ross moved that juror #5 be excused. After discussion of the motion the court granted it, saying:

"This will leave still thirteen jurors and all appear to be well legally qualified for their role as jurors. In other words, there could be no possible prejudice to either the people or the defendants in the excusing of this one juror * * * ."

The court again asked counsel if there was anything further, and pursuant to the request of counsel for defendants Carroll and Ross, the decision of both of those defendants to remain silent and not testify was placed on the record. However, given the chance to do with respect to any other jurors the same thing that was done with respect to juror #5, counsel for defendants were silent. They made no further reference to the jury question.

Defendant Ross alleges prejudice when the jury saw him in a cell and, later, could have overheard a bailiff's telephone call summoning him to the courtroom. The Court of Appeals gave this allegation of error sufficient response.

Next defendants charge an abuse of discretion in the denial by the trial court of defendant Carroll's motion for separate trials. Statutory authority for the exercise of the court's discretion (MCLA 768.5; MSA 28.1028) and case law establishing a strong policy in favor of joint trials are acknowledged by defendants. There must be an affirmative showing of prejudice to substantial rights of the accused. *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966). The motion here was based upon an allegation of inconsistent defenses. The record discloses that the defenses differed but were not inconsistent and no statement was used by one defendant against another. No abuse of discretion is demonstrated.

The next two allegations of error go to the sufficiency of the evidence to sustain a conviction. There was a mixture of direct and circumstantial evidence, but a review of the evidence indicates a sufficient quantity and quality to sustain this jury conviction. Additionally, the trial court instructed the jury:

"To justify the inference of guilt from circumstantial evidence, the proof from which it is asked that the guilt of the defendant be inferred, must be consistent with each other, must not only clearly point to defendant's guilt, but must be inconsistent with any other reasonable hypothesis upon which his innocence may be maintained. * * * However, I charge you that you may only draw inferences from facts established by the direct testimony in the case. You may not base any inference upon another inference. It is only when you can make a reasonable inference based upon direct testimony that you may consider such circumstantial evidence in your deliberations."

Defendants claim error for an unobjected-to failure to give unrequested instructions on certain lesser included offenses. This Court in *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975), held that reversible error may not be predicated on such an omission absent a request.

Defendants' final allegation of error is that the trial judge shifted the burden of proof to defendants when he charged:

"If you find from all the evidence and the instructions as you have received them in this trial, that a defendant is guilty of the crime charged against him here, your verdict will be in this form: We, the jury find the defendant, there naming him, guilty of the crime of breaking and entering with intent to commit a larceny. *On the other hand, if you find from the evidence and the instructions presented here in court that a defendant is not guilty beyond a reasonable doubt of the offense with which he is charged,* then your verdict will be simply in this form: We, the jury find the defendant, there naming him, not guilty." (Emphasis supplied.)

Ingenious but unpersuasive. Defense counsel did not object to this instruction. As a general rule the failure to make a timely objection precludes appel-

late review unless the unobjected-to error presents manifest injustice. *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958). We find no manifest injustice in this case. The jury was correctly charged on the duty of the prosecution to establish its case beyond a reasonable doubt.

"The burden of establishing the guilt of each defendant is upon the prosecution, and in order to justify you as jurors in rendering a verdict of guilty, it must be proved beyond a reasonable doubt that such defendant has committed the offense charged against him at the time and place charged."

Defendants have not established reversible error on this issue.

Affirmed.

COLEMAN and FITZGERALD, JJ., concurred with LINDEMER, J.

WILLIAMS, J. I concur except as follows.

In the *People v Medcoff* paragraph, the majority opinion states:

"This is a test which does not involve defendant's physical presence if his counsel is there representing him, for under those circumstances, there are no rights held by the defendant which his presence would have afforded him that his counsel cannot exercise in his absence."

Grammatically this suggests as long as defense counsel is present, the defendant's presence is unnecessary. If the majority opinion means this, it is incorrect as this is obviously not the law.

LEVIN, J. *(concurring).*

"While in particular instances we may have affirmed the convictions, we have considered as bad practice, proceedings had in the absence of the accused." *People v Medcoff,* 344 Mich 108, 116; 73 NW2d 537 (1955).

My purpose in writing separately is to underscore that what occurred here is bad practice and to express my disagreement with my colleagues' statement that "there are no rights held by the defendant which his presence would have afforded him that his counsel cannot exercise in his absence".

The issue on the first in-chambers inquiry was whether a conversation between a police officer and other persons was overheard by one or two jurors. During the second inquiry a juror disclosed that he was acquainted with a prosecution witness. Appellants concede that error cannot be assigned as to the third inquiry concerning a juror who did not participate in the verdict. *People v Fountain,* 392 Mich 395; 221 NW2d 375 (1974).

Here, in contrast with *Medcoff,* the inquiries did not concern allegations of misconduct on the part of a juror during trial nor was there any interrogation of a juror.[1]

"One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v Allen,* 397 US 337, 338; 90 S Ct 1057; 25 L Ed 2d 353 (1970).[2]

This fundamental right cannot be defeated by conducting proceedings in chambers.

---

[1] Also, in contrast with *Medcoff,* counsel for the parties participated in the proceedings in this case. Both in *Medcoff* and in this case a transcript was made of the inquiries.

[2] US Const, Am VI; Const 1963, art 1, § 20.

"No person indicted for a felony shall be tried unless personally present during the trial." MCLA 768.3; MSA 28.1026.

The presence of defendant's counsel does not supplant the need for defendant's presence. "[H]is life or liberty may depend upon the aid which, by his personal presence, he may give to counsel and to the court and triers, in the selection of jurors. The necessities of the defence may not be met by the presence of his counsel only." *Hopt v Utah,* 110 US 574, 578; 4 S Ct 202; 28 L Ed 262 (1884). "Again, defense may be made easier if the accused is permitted to be present at the examination of jurors or the summing up of counsel, for it will be in his power, if present, to give advice or suggestion or even to supersede his lawyers altogether and conduct the trial himself." *Snyder v Massachusetts,* 291 US 97, 106; 54 S Ct 330; 78 L Ed 674 (1934).

The United States Court of Appeals for the District of Columbia Circuit has stated the applicable standard for determining whether reversible error occurred: "It is possible that defendant's absence made no difference in the result reached. The standard by which to determine whether reversible error occurred, however, is not whether the accused was actually prejudiced, but whether there is 'any reasonable possibility of prejudice'." *Wade v United States,* 142 US App DC 356, 360; 441 F2d 1046, 1050 (1971).

Defendants have not suggested any possible prejudice resulting from their absence. They have not claimed that if they had been present they would have requested that the jurors involved in the first inquiry be interrogated (as well as a participant in the conversation) or that such interrogation would have shown that the jurors in fact overheard discussion relevant to the case. Nor do defendants assert, for example, that they were not aware of the inquiries and, thus, denied the opportunity to

request their counsel to challenge the jurors for cause or to exercise a peremptory challenge.

Absent a claim and a showing of a reasonable possibility of prejudice because the proceedings might have been different had defendants been present, there is no reversible error.

RYAN, J., took no part in the decision of this case.

KAVANAGH, C. J. I dissent. The majority opinion's statement that "there are no rights held by the defendant which his presence would have afforded him that his counsel cannot exercise in his absence" does not comport with the requirements of the Sixth and Fourteenth Amendments of the United States Constitution nor with the applicable state statute. MCLA 768.3; MSA 28.1026.

The Sixth and Fourteenth Amendments confer on the defendant the "right to be present" during the conduct of the prosecution. *Illinois v Allen,* 397 US 337, 342; 90 S Ct 1057; 25 L Ed 2d 353 (1970). This right to be present entitles the defendant "to give advice or suggestion or even to supersede his lawyers altogether and conduct the trial himself". *Snyder v Massachusetts,* 291 US 97, 106; 54 S Ct 330; 78 L Ed 674 (1934).

The right of a criminal defendant to be present personally at all stages of the proceedings may be waived or forfeited. *Illinois v Allen, supra.* However a valid waiver requires "an intentional relinquishment or abandonment of a known right or privilege," *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938), and the waiver of a constitutional right will not be presumed from a silent record. *Carnley v Cochran,* 369 US 506; 82 S Ct 884; 8 L Ed 2d 70 (1962). *People v Grimmett,*

388 Mich 590; 202 NW2d 278 (1972). There was no valid waiver here.

A defendant deprived of his constitutional right to be present at all stages of his trial is not required to prove prejudice.

"[T]he abrogation of defendants' right to be present is not determined from the result and review thereof of the court's inquiry but rather from the mere fact that during the inquiry defendants were not given an opportunity to exercise those privileges which their right to be present affords them. Where such fundamental rights are denied, the guilt or innocence of the accused is not concerned and neither party is put to the burden of showing actual injury or prejudice or the lack of it. Injury is conclusively presumed." *People v Medcoff,* 344 Mich 108, 117–118; 73 NW2d 537 (1955).

The Legislature has recognized this rule of law in MCLA 768.3; MSA 28.1026:

"No person indicted for a felony shall be tried unless *personally* present during the trial; persons indicted or complained against for misdemeanors may, *at their own request,* through an attorney, *duly authorized for that purpose,* by leave of the court, be put on trial in their absence." (Emphasis added).

This conviction should be set aside.