# WINFIELD BAKER BUNCH *v.*
## STATE OF MARYLAND

[No. 29, September Term, 1977.]

*Decided January 9, 1978.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Arthur A. Delano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*W. Timothy Finan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

At a bench conference following the presentation of evidence in this criminal case, the trial judge and counsel considered the matter of a note from one of the jurors stating that the juror was biased; the judge overruled the prosecution's motion to excuse the juror and the defense's motion for a mistrial; the judge refused to allow the defendant himself to be consulted about the matter; and the judge ruled that the juror should remain. The issue presented is whether, under these particular circumstances, the conference proceedings constituted a "stage of the trial" at which the defendant himself had a right to be present.

The defendant Bunch was being tried before a jury in the Circuit Court for Prince George's County on charges of receiving stolen goods over the value of one hundred dollars, carrying a handgun, transporting a handgun in a motor vehicle, and extortion. After the defense rested and the State indicated that it had no rebuttal evidence, the trial judge directed counsel to approach the bench and the following occurred out of the hearing of the jury:

> "THE COURT: I have a note here. Where did you get this note?
>
> "DEPUTY CLERK: From the Bailiff, and the Foreman gave it to the Bailiff.
>
> "THE COURT: Mr. Bailiff, come forward. I have got a note here. It says, 'Sir, one of the jurors may have to disqualify himself. Please advise.' That note comes to you from the Foreman?
>
> "THE BAILIFF: Yes.

"THE COURT: And the Clerk says it comes to me. Now, it is a situation that is very tedious as far as I am concerned. I am going to ask that juror to write a note on a piece of paper without the other jurors seeing him. Do you understand what I am saying? That is the only way we can find the facts. Now, do either of you object to that?"

Neither the prosecuting attorney nor the defense attorney objected, and the trial judge sent to the juror in question a reply note, telling the juror to write down the reasons why he may have to be disqualified.

Thereafter the juror, as requested, presented the trial judge with the following note:

"1. I have become biased during the course of the trial. I am in law enforcement for the Drug Enforcement Administration and if I were biased, it would seem that it would be for the prosecution (State).

"2. In this case I don't know if the defendant is innocent or guilty at this point, I just feel that in too many cases, almost identical, the court has sustained objections in one case and overruled in almost identical cases, i.e., as to hypothetical cases leading the witness, calling for conclusions and finally, relevancy, especially as to past offenses of the defendant.

"3. I therefore do not believe that I can render a verdict.

Very Respectfully,

Bobby D. Worthington"

The bench conference resumed, and the judge asked both attorneys whether they objected to the juror's staying. The prosecuting attorney objected to the juror's staying, saying: "He says he is biased for the prosecution. I think in fairness to the defendant he should be excused at this time." The defense attorney did not want the juror disqualified but, instead, moved for a mistrial. After some discussion at the

bench conference, the judge denied the prosecuting attorney's motion to disqualify the juror and the defense attorney's motion for a mistrial, taking the position that the court's instructions to the jury would cure this particular juror's problems. At that point, the following occurred at the bench conference:

"PROSECUTING ATTORNEY: If I might interrupt the Court, I just want to know defendant's attorney was just asked did he want the juror disqualified. I want to know —

"DEFENSE ATTORNEY: I will go back and ask him that.

"THE COURT: No. Do you wish to have him disqualified?

"DEFENSE ATTORNEY: No.

"THE COURT: Now, if the two of you both want him disqualified, I will do it, but it is only if two agree on it, I will do it.

"DEFENSE ATTORNEY: I think he should —

"THE COURT: Stay?

"DEFENSE ATTORNEY: He's obviously totally confused. Yes. Stay."

The defendant was subsequently found guilty by the jury of receiving stolen goods and the two handgun charges. On appeal, the Court of Special Appeals affirmed in an unreported opinion. The Court of Special Appeals regarded the defense attorney's refusal to agree that the juror should be disqualified as an act of trial tactics during a bench conference, at which the defendant had no right to be present.

This Court thereafter granted the defendant's petition for a writ of certiorari which presented the single question of whether the trial court erred "in not requiring the Petitioner to be present at a bench conference involving the disqualification of a juror from whom the court had received a communication."

The right of a criminal defendant to be present at every stage of his trial is, as we have said many times, a common

law right preserved by Art. 5 of the Maryland Declaration of Rights. *Brown v. State,* 272 Md. 450, 457, 325 A. 2d 557 (1974); *Grohman v. State,* 258 Md. 552, 567, 267 A. 2d 193 (1970), *cert. denied,* 401 U. S. 982, 91 S. Ct. 1204, 28 L.Ed.2d 334 (1971); *State v. Saul,* 258 Md. 100, 105, 265 A. 2d 178 (1970); *Martin v. State,* 228 Md. 311, 316, 179 A. 2d 865 (1962); *Brown v. State,* 225 Md. 349, 351, 170 A. 2d 300 (1961), *cert. denied,* 372 U. S. 960, 83 S. Ct. 1017, 10 L.Ed.2d 13 (1963); *Journigan v. State,* 223 Md. 405, 408, 164 A. 2d 896 (1960), *cert. denied sub nom Gardner v. Maryland,* 365 U. S. 853, 81 S. Ct. 818, 5 L.Ed.2d 817 (1961); *Midgett v. State,* 216 Md. 26, 36-37, 139 A. 2d 209 (1958); *LaGuardia v. State,* 190 Md. 450, 457, 58 A. 2d 913 (1948); *Duffy v. State,* 151 Md. 456, 475, 135 A. 189 (1926). The right, in some measure at least, is also protected by the Fourteenth Amendment to the United States Constitution. *Faretta v. California,* 422 U. S. 806, 819 n. 15, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975); *Illinois v. Allen,* 397 U. S. 337, 338, 90 S. Ct. 1057, 25 L.Ed.2d 353 (1970). *Cf. Snyder v. Massachusetts,* 291 U. S. 97, 54 S. Ct. 330, 78 L. Ed. 674 (1934). Finally, the right is guaranteed by Maryland Rule 724, which provides in pertinent part that "the defendant shall be present at every stage of the trial, including the impaneling of the jury. . . ." [1]

Of course, not everything that happens in a criminal case after the jury is impaneled is deemed a "stage of the trial" at which the defendant has a right to be present. For example, in *Brown v. State, supra,* 272 Md. 450, we held that proceedings in the judge's chambers during a recess in the trial, at which the court and counsel agreed upon a procedure for the introduction of certain photographic evidence, was not a stage of the trial requiring the defendant's presence. And in *Martin v. State, supra,* 228 Md. at 316-317, this Court held that argument in chambers on a motion for a directed verdict

---

**1.** The present Rule 724 became effective July 1, 1977. Previously, and at the time of the trial in the instant case, former Rule 775 dealt with the right of an accused to be present at every stage of the trial. Former Rule 775 provided in pertinent part: "The accused shall be present at the arraignment, at every stage of the trial including the impaneling of the jury . . . ." While in some respects the wording of the two rules differs, insofar as relevant to the issue in this case the requirements of the former rule and the present rule are identical.

was not a "step of the defendant's criminal proceedings which requires his presence." *See,* in addition, *Brown v. State, supra,* 225 Md. at 351-354 (proceedings in chambers when requests for instructions were offered).

On the other hand, communications between the trial judge and the jury relating to the jury's verdict are generally considered stages of the trial when the defendant has a right to be present. As Judge Horney stated for the Court in *Midgett v. State, supra,* 216 Md. at 36-37:

> "In this State there is no doubt that an accused in a criminal prosecution for a felony has the absolute right to be present at every stage of his trial from the time the jury is impaneled until it reaches a verdict or is discharged, and there can be no valid trial or judgment unless he has been afforded that right. The constitutional guarantee includes the right of the accused to be present (i) when the jury is charged or instructed on the facts, the law or the form of the verdict, before it has begun its deliberations or afterwards upon its request or by direction of the court; (ii) when the court is repeating a charge or instruction previously given in whole or in part; (iii) when the court communicates with the jury in answer to questions propounded by the jury, or (iv) when there shall be any communication whatsoever between the court and the jury; *unless* the record affirmatively shows that such communications were not prejudicial or had no tendency to influence the verdict of the jury."

*See also Rogers v. United States,* 422 U. S. 35, 95 S. Ct. 2091, 45 L.Ed.2d 1 (1975); *Shields v. United States,* 273 U. S. 583, 47 S. Ct. 478, 71 L. Ed. 787 (1927); *State v. Saul, supra,* 258 Md. at 104-108; *LaGuardia v. State, supra,* 190 Md. at 456-460; *Duffy v. State, supra,* 151 Md. at 472-477; *Young v. State,* 5 Md. App. 383, 247 A. 2d 751 (1968).

This Court has not previously had occasion to consider whether proceedings, after the commencement of the trial, at which the court determines questions of juror

disqualification for bias, are "stages of the trial" requiring the defendant's presence. However, we believe that the answer to this question is dictated by the language of Rule 724 which expressly includes, as a stage of the trial, "the impaneling of the jury."

Long ago the Supreme Court held that proceedings during the impaneling of the jury, and involving challenges to prospective jurors on the ground of bias, constituted a stage of the trial at which the defendant had a right to be personally present, *Hopt v. Utah,* 110 U. S. 574, 4 S. Ct. 202, 28 L. Ed. 262 (1884). Mr. Justice Harlan for the Court there explained, in language fully applicable to any proceeding involving a question of who should be on the jury (110 U. S. at 578):

> "The prisoner is entitled to an impartial jury composed of persons not disqualified . . . , and his life or liberty may depend upon the aid which, by his personal presence, he may give to counsel and to the court . . . in the selection of jurors. The necessities of the defense may not be met by the presence of his counsel only. For every purpose, therefore, involved in the requirement that the defendant shall be personally present at the trial, . . . the trial commences at least from the time when the work of impaneling the jury begins."

The holding in *Hopt* was reiterated by the Court a few years later in *Lewis v. United States,* 146 U. S. 370, 13 S. Ct. 136, 36 L. Ed. 1011 (1892).

The provision in Maryland Rule 724, and its predecessor Rule 775, specifically including the impaneling of the jury as a stage of the trial at which the defendant's presence is required, embodies the holding of the Supreme Court in *Hopt v. Utah, supra,* and *Lewis v. United States, supra.*[2] The reason

2. We pointed out in Brown v. State, 272 Md. 450, 325 A. 2d 557 (1974), that "Maryland Rule 775 . . . is virtually a *pro tanto* adoption of Rule 49 of the Uniform Rules of Criminal Procedure (1952) proposed by the National Conference of Commissioners on Uniform State Laws" (272 Md. at 456-457), and that the "progenitor of Rule 49 of the Uniform Rules of Criminal Procedure . . . is Rule 43 of the Federal Rules of Criminal Procedure." (*Id.* at 464.) The Notes of the Advisory Committee on Rules, appended to Rule 43 of the Federal Rules, state that the portion of the Rule which, *inter alia,*

for the provision, as set forth by the Supreme Court in *Hopt,* is that the defendant, being entitled to an impartial jury, may give aid to his counsel and the court in the selection of who should be on the jury. This reason is just as applicable to a proceeding subsequent to the impaneling of the jury involving a determination of whether a juror should be excused for bias. This was clearly recognized by the prosecuting attorney in the instant case who suggested that the defendant's views be obtained. The bench conference proceedings in this case, involving a determination as to the makeup of the jury, was just as much a stage of the trial as the initial impaneling of the jury.

Decisions in other jurisdictions are in accord that a proceeding, subsequent to the impaneling of the jury, involving a matter of juror disqualification for bias, is a stage of the trial at which the defendant has a right to be present. In *People v. Medcoff,* 344 Mich. 108, 73 N.W.2d 537 (1955), the Supreme Court of Michigan held that it was reversible error for the trial court, after the beginning of the trial and in the defendants' absence, to question certain jurors about alleged misconduct which, defendants' counsel argued, may have possibly prejudiced the defendants. The court there stated (344 Mich. at 116-117, 73 N.W.2d at 543):

> "Courts have held that the presence of the accused is required when jurors are being examined as to their qualifications. ... The making or trying of challenges to jurors is an essential part of the trial and requires the presence of the accused. Lewis v. United States, supra; Hopt v. ... [Utah], supra. It would seem that the examination of a jury during the progress of the trial as to alleged misconduct affects a defendant's substantial rights to a trial by an impartial jury at least as much, if not more than does an examination for qualifications or the making of challenges. All concern the impartiality of the jury

----

provides that the impaneling of the jury is a stage of the trial requiring the defendant's presence, is a restatement of existing law, citing Lewis v. United States, 146 U. S. 370, 13 S. Ct. 136, 36 L. Ed. 1011 (1892).

which cannot be considered a preliminary, formal or inconsequential matter.

"We recognize that all that transpired between judge and jurors as well as the court's conclusion that there had been no misconduct is in the record before us. Therefore, it is argued that defendants have shown no prejudice. However, the abrogation of defendants' right to be present is not determined from the result and review thereof of the court's inquiry but rather from the mere fact that during the inquiry defendants were not given an opportunity to exercise those privileges which their right to be present affords them."

*See,* in addition, *United States v. Lustig,* 555 F. 2d 737, 745-746 (9th Cir. 1977); *United States v. Baca,* 494 F. 2d 424, 427-429 (10th Cir. 1974); *Berness v. State,* 263 Ala. 641, 83 So. 2d 613 (1955); *Commonwealth v. Robichaud,* 358 Mass. 300, 264 N.E.2d 374 (1970).

Since the defendant Bunch had a right under the Maryland Rules to be personally present during the proceedings concerning the possible disqualification of the juror for bias, and since this right cannot be waived by counsel,[3] the convictions must be reversed.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court with directions to reverse the judgment of the Circuit Court for Prince George's County and remand the case for a new trial.*
> *Prince George's County to pay costs.*

---

3. Brown v. State, *supra,* 272 Md. at 457; Journigan v. State, 223 Md. 405, 408, 164 A. 2d 896 (1960), *cert. denied sub nom* Gardner v. Maryland, 365 U. S. 853, 81 S. Ct. 818, 5 L.Ed.2d 817 (1961); Midgett v. State, 216 Md. 26, 37, 139 A. 2d 209 (1958).