# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW MARK LUKAS,

        Defendant-Appellant.

UNPUBLISHED
July 14, 2015

No. 318988
Wayne Circuit Court
LC No. 10-012848-FH

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of operating a motor vehicle while impaired, MCL 257.625(3), third offense, MCL 257.625(11)(c).[1] The trial court sentenced defendant to 30 days in the Wayne County Jail and two years' probation. We affirm.

This case arises from a drunk driving incident that occurred on September 17, 2010, in Huron Township. That evening, Huron Township Police Officer Robert Kelch witnessed defendant swerving as defendant drove home from a local bar. Kelch effectuated a traffic stop and arrested defendant for operating while under the influence of alcohol.

Prior to trial, defendant moved to suppress the evidence arising from the traffic stop and to dismiss the case, claiming that Kelch lacked reasonable suspicion to justify the stop. Kelch testified at an evidentiary hearing on the motion and defendant presented no witnesses. The trial court ruled that the stop was lawful, but stated that defendant could reopen the issue of the legality of the stop at trial.[2] However, at trial, defendant declined to call any witnesses and did not testify. The trial court subsequently found defendant guilty of operating a motor vehicle while impaired. See MCL 257.625(3) (a person charged with operating while intoxicated may

---

[1] This is defendant's second appeal arising from this case. His prior appeal was dismissed for failure to timely cure filing defects. See *People v Lukas*, unpublished order of the Court of Appeals, entered June 28, 2013 (Docket No. 316411).

[2] A motion to suppress evidence must be made prior to trial or, with the trial court's discretion, at trial. *People v Carroll*, 396 Mich 408, 412; 240 NW2d 722 (1976).

-1-

be found guilty of operating while impaired). As defendant's third offense, the conviction was enhanced to a felony. See MCL 257.625(11)(c).

On appeal, defendant argues that his trial counsel rendered ineffective assistance. Defendant first asserts that his counsel was ineffective for failing to call several witnesses at the evidentiary hearing and at trial. Defendant second asserts that his counsel improperly advised defendant that a conviction for operating while impaired would constitute a misdemeanor, rather than a felony, causing defendant to waive his right to a jury trial. We disagree that defendant is entitled to a new trial.

Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.*, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

Both the United States Constitution and the Michigan Constitution guarantee criminal defendants the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

We first address defendant's claim of error regarding his trial counsel's failure to call witnesses at the evidentiary hearing and at trial. A defendant is entitled to have defense counsel prepare, investigate, and present all substantial defenses. *Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id.* (citation omitted). Specifically, the decision "to call or question witnesses is presumed to be [a] matter[] of trial strategy" and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

In an affidavit, defendant's trial counsel admitted that he provided ineffective assistance by failing to call witnesses at both the evidentiary hearing on defendant's motion to suppress and at trial. The trial court subsequently held a *Ginther*[3] hearing. At the hearing, defendant's trial counsel explained that he had planned to call witnesses at the evidentiary hearing, but "simply forgot" to do so. However, he also admitted that at least some of defendant's witnesses failed to appear. While the trial court allowed defendant to reopen the issue of the legality of the police stop at trial, defendant's counsel declined to call witnesses a second time because he believed, based on alleged discussions with the trial court judge and the prosecutor, that defendant would

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

be convicted of operating while impaired, which he incorrectly assumed was a misdemeanor, instead of a third-offense felony. See MCL 257.625(3) and (11)(c). The trial court found, and we agree, that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See *Nix*, 301 Mich App at 207.

However, we agree with the trial court that defendant was not prejudiced by his counsel's performance because there was not a probability that, but for counsel's errors, the result of the proceedings would have been different. See *id*. At the *Ginther* hearing, defendant presented four witnesses who testified that defendant was not swerving before Kelch initiated the traffic stop. The witnesses' testimony concerns the limited issue of whether Kelch had reasonable suspicion to effectuate a traffic stop of defendant's vehicle.[4]

It is well established that a police officer is permitted "to make a brief investigative stop (a '*Terry*[5] stop') and detain a person if the officer has a reasonable, articulable suspicion that criminal activity is afoot." *People v Steele*, 292 Mich App 308, 314; 806 NW2d 753 (2011). "The reasonableness of an officer's suspicion is determined case by case on the basis of the totality of all the facts and circumstances" and "reasonable inferences based on the facts in light of his training and experience." *Id*. at 314-315. A search or seizure must be justified at its inception and reasonably related in scope to the circumstances which justified the interference. *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005). Erratic driving, such as swerving within a lane or crossing lane markers, may "give rise to a reasonable suspicion of intoxication justifying an investigatory stop." *People v Hyde*, 285 Mich App 428, 431, 437; 775 NW2d 833 (2009).

At trial, Kelch testified that he was performing a property check at a gas station. He witnessed defendant's vehicle drive past the gas station, and Kelch pulled into the road behind defendant. Kelch stated that he witnessed defendant's vehicle swerving, so he turned on his lights and sirens and effectuated a traffic stop of defendant's vehicle. At the *Ginther* hearing, three of defendant's witnesses testified that they witnessed Kelch activate his lights while still in the gas station parking lot, and that defendant was not driving erratically before Kelch pulled behind him. As defendant points out, it is disputed when Kelch activated his siren and overhead lights. However, the trial court's ruling credited Kelch's testimony that he stopped defendant because defendant was swerving in and out of his lane, implicitly finding Kelch's testimony credible over defendant's witnesses. This determination is supported by Kelch's testimony. The trial court further found that defendant's presented witnesses viewed the scene from a different vantage point from Kelch, and that their testimony was largely speculative. The court emphasized that the witnesses admittedly could not see defendant's vehicle after Kelch pulled behind him. The record supports this position as taken by the trial court, as three of four witnesses testified that they could not see defendant's vehicle after Kelch pulled behind him. Further, all the witnesses presented were friends with defendant and had been at the bar with

---

[4] Defendant's trial attorney conceded that defendant's witnesses were only qualified to testify regarding the existence of reasonable suspicion to justify the initial stop.

[5] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

him.  It was also revealed that two of the witnesses discussed their observations before testifying, and one of those witnesses also spoke with defendant about what he had seen after learning that defendant had been arrested for drunk driving.  Accordingly, we conclude that defendant was not prejudiced because there was no probability that, but for counsel's errors, the result of the proceedings would have been different.  See *Nix*, 301 Mich App at 207.

We also note that defendant's proposed witnesses testified only regarding whether Kelch had reasonable suspicion to justify the traffic stop, as raised by defendant in his motion to suppress.  The trial court is responsible for making findings of fact as well as the ultimate decision on a motion to suppress.  See *Hyde*, 285 Mich App at 436.  Given the trial court's findings, which we do not find clearly erroneous, *id*., we do not believe remand is justified, as it seems probable that the trial court would make the same decision.  See *Nix*, 301 Mich App at 207.[6]

Defendant second asserts that his trial counsel improperly advised him regarding the waiver of his right to a jury trial.  Although defendant had originally been charged with operating a motor vehicle while intoxicated, MCL 257.625(1), his trial counsel testified that he advised defendant to waive the right to a jury trial because he believed that the trial court would instead find defendant guilty of operating while impaired, MCL 257.625(3).  Defendant's trial counsel thought that a conviction for operating while impaired would constitute a misdemeanor, rather than a felony, despite the fact defendant had been charged with a third-offense felony enhancement.  See MCL 257.625(11)(c).  The felony versus misdemeanor distinction was significant to defendant because he believed that a felony conviction would trigger the loss of his builder's license and commercial driver's license.

A criminal defendant has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to waive a jury.  *Jones v Barnes*, 463 US 745, 751; 103 S Ct 3308; 77 L Ed 2d 987 (1983).  The decision to recommend a jury or bench trial is within the purview of trial strategy, *People v Davenport (After Remand)*, 286 Mich App 191, 197; 779 NW2d 257 (2009), which this Court does not second-guess absent a showing that defendant was deprived a substantial defense.  *People v Russell*, 297 Mich App 707, 716; 825

---

[6] To the extent that defendant separately argues that Kelch lacked probable cause to arrest him following the police stop, we disagree.  Probable cause exists if the facts available "at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed" a criminal offense.  *People v Nguyen*, 305 Mich App 740, 751-752; 854 NW2d 223 (2014) (citation omitted).  Kelch testified that defendant smelled of alcohol, that his eyes were "glassy" and "watery," that he admitted to drinking "five or six beers," that he failed four out of six sobriety tests, and that his on-the-scene breathalyzer test revealed a blood alcohol level of .13.  Defendant's proposed witnesses could not have offered any testimony to the contrary because they were not present during defendant's sobriety tests, his breathalyzer test, or his conversation with Kelch.  Accordingly, defendant's arrest was supported by probable cause.

NW2d 623 (2012). Here, defense counsel provided defendant with incorrect advice upon which defendant based a critical decision regarding his case. Therefore, we agree that defendant's attorney's performance fell below an objective standard of reasonableness under prevailing professional norms. See *Nix*, 301 Mich App at 207. However, again, we do not agree that defendant was prejudiced. We note that defendant's proposed witnesses only testified regarding the existence of reasonable suspicion, which is a threshold determination for the trial court. *Hyde*, 285 Mich App at 436. Considering that, we do not agree that there is a probability that the results would have been different had defendant's case gone to the jury. See *id*. There was substantial, undisputed evidence that defendant committed the offense in question. Kelch testified that when he stopped defendant, defendant smelled of alcohol, that his eyes were "glassy" and "watery," that he admitted to drinking "five or six beers," that he failed four out of six sobriety tests, and that his on-the-scene breathalyzer test revealed a blood alcohol level of .13. In addition, defendant also underwent another breathalyzer test at the police department, which revealed a blood alcohol level of .14. Accordingly, we conclude that defendant's arguments ultimately lack merit, and defendant is not entitled to a new trial.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan