## COMMONWEALTH *vs.* JOHN F. COSTELLO.

Suffolk.   Nov. 27. — 29, 1876.   ENDICOTT, DEVENS & LORD, JJ., absent.

A defendant, in a criminal case, has no right to be personally present at the hearing of a motion in his behalf for a new trial; and his absence will not invalidate a sentence subsequently passed upon him.

INDICTMENT for forgery.   At the trial in the Superior Court, the defendant was found guilty, and, before sentence, filed a motion for a new trial.   This motion was heard and overruled in the absence of the defendant, while he was confined in jail. Neither the defendant nor his counsel expressed a wish that he should be present at the hearing.

The defendant, on being called up for sentence, filed a motion in arrest of judgment for the following reasons :

" 1.  It does not appear of record that he was present when and while the motion for a new trial was heard and tried, and when the same was decided by the court, and no reason or excuse appears therefor.

" 2.  In truth and in fact, said motion was heard and tried, and witnesses examined upon the same both in his own behalf and in behalf of the government, in the direct and in cross-examination, the arguments made, and the decision of the court pronounced thereon, in his absence, and not while he was present in court, as required by law; that he was, during all of said time, confined in jail under an arrest on said indictment, and held to bail, which he was unable to give; that he was subject to the control of the court, and could have been brought by the government into court at the hearing, and wished to be present; that he had no opportunity to confront the witnesses against him, as entitled by the Constitution and the laws."

The facts stated in the motion were not controverted by the government.   *Colburn,* J., overruled the motion ; and the defendant alleged exceptions.

*A. A. Ranney & H. E. Swasey,* for the defendant.

*C. R. Train,* Attorney General, *& W. C. Loring,* Assistant Attorney General, for the Commonwealth, were not called upon.

GRAY, C. J.   The rule that a defendant has the right to be present at every step of the proceedings against him in behalf of the Commonwealth, from arraignment to sentence, does not apply to a motion for a new trial, which is not a necessary step in those proceedings, and is not made by the Commonwealth, but by the defendant himself, and is addressed to the discretion of the court, and is not followed by any new judgment against him.

When the defendant is already in custody, it has never been the practice in this Commonwealth to require his presence at the making, the hearing or the decision of a motion in his behalf for a new trial.   When he is not in custody, the court will not entertain such a motion in his absence, not because he has a right to be present; but because he has no right to be heard, without submitting himself to the control of the court, so that he may be committed in case the motion should be overruled, or, as was said by Lord Hardwicke, in a case which, like this, was an indictment for forgery, " the court will be sure of him,' before they intimate any opinion upon his motion.   But in that very case, after the defendant had appeared and had been committed to prison, it was held that he need not be present at the hearing of the motion for a new trial.   *Rex* v. *Gibson*, 2 Stra. 968; *S. C.* Cunningham, 29; 2 Barnard. 412, 418.   See also 1 Chit. Crim. Law, 659, 663 ; *The Queen* v. *Caudwell*, 17 Q. B. 503; *State* v. *Rippon*, 2 Bay, 99 ; *Jewell* v. *Commonwealth*, 22 Penn. St. 94, 101 ; *Donnelly* v. *State*, 2 Dutcher, 601; *Commonwealth* v. *Andrews*, 97 Mass. 543 ; *Anon.* 31 Maine, 592.

The only case, cited at the argument, which affirms the right of the defendant to be personally present at the hearing and overruling of a motion in his behalf for a new trial, is *Hooker* v. *Commonwealth*, 13 Gratt. 763, the decision in which is unsupported by authority, or by any reasons which should induce this court, in opposition to the well established law and practice in this Commonwealth, to hold a sentence to be illegal, simply because the defendant was not personally present at the previous hearing and decision upon his motion for a new trial, when it does not appear that he wished to be present, or to be heard in person, or to testify in his own behalf.

As we are of opinion that the objection cannot be sustained upon any facts appearing upon the record or stated in the bill of exceptions, we need not consider whether the question was presented in proper form to the court below.

*Exceptions overruled.*