COMMONWEALTH *vs.* JOHN ROBICHAUD.

Norfolk. September 21, 1970. — December 4, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Practice, Criminal,* Presence of defendant, Voir dire. *Constitutional Law,* Trial by jury. *Error,* Whether error harmful.

The defendant in a criminal case has a constitutional right to be personally present at a voir dire hearing conducted during his trial on the question of juror misconduct, and exclusion of the defendant from such a hearing over his objection and exception was error requiring reversal of his conviction, even though the judge found that there had been no misconduct by any juror.

INDICTMENT found and returned in the Superior Court on September 30, 1966.

The case was tried before *DeSaulnier,* J.

*Stephen Axelrad* (*Reuben Goodman & Ronald J. Chisholm* with him) for the defendant Robichaud.

*John P. Connor, Jr.,* Special Assistant Attorney General, for the Commonwealth.

SPALDING, J. Robichaud appeals under G. L. c. 278,

§§ 33A–33G, from a conviction on an indictment charging
that he and fifteen named codefendants, each being an in-
mate at the Massachusetts Correctional Institution, Wal-
pole, did assault and beat eleven named correctional officers
of said institution. A recital of the evidence is not neces-
sary. Suffice it to say that there was ample evidence war-
ranting the verdict returned by the jury.

At the close of the evidence, but before the arguments, a
motion for a mistrial was heard in the judge's lobby.
Robichaud was not present. At the commencement of the
hearing, Robichaud's counsel duly excepted to the court's
allowing the hearing to proceed in Robichaud's absence.

In support of the motion counsel produced two witnesses,
one Mrs. Fuller and one Susan Kenney. They testified that
they overheard juror Sullivan, juror Cuppels and a third
juror (unidentified) discussing the case at a restaurant and
heard them express the opinion that the defendants were all
guilty. After Mrs. Fuller testified, Sullivan and Cuppels
were brought in, and she repeated her testimony. The jurors
then testified that they had discussed the case but denied
that they had expressed such an opinion. The judge stated
he would not hear Susan Kenney since he believed the two
jurors, but later reopened the hearing and heard Susan
Kenney. He denied the motion for a mistrial and refused
to call or inquire about the third juror.

We note that jurors Sullivan and Cuppels were later ex-
cused from the panel for other reasons. For aught that
appears the third unidentified juror sat on the jury panel
that returned the verdict.

Robichaud argues several assignments of error, but in the
view we take we need only discuss one, for the questions raised
by the other assignments are not likely to arise on a retrial.

Robichaud argues that his exclusion from the hearing at
which evidence was taken to determine whether jurors had
engaged in misconduct violated G. L. c. 278, § 6, art. 12 of
the Declaration of Rights of the Massachusetts Constitution,
and the due process clause of the Fourteenth Amendment
to the Constitution of the United States as it applies the

confrontation clause of the Sixth Amendment to the States. The question presented is whether the defendant has a right to be personally present at a voir dire conducted during the trial on the question of juror misconduct. The point is one of first impression in this jurisdiction. Indeed, there is very little authority on the subject elsewhere.

Article 12 of our Declaration of Rights, declares: ". . . And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election." General Laws c. 278, § 6, provides that: "A person indicted for a felony shall not be tried unless he is personally present during the trial . . . ." This statute embodies the common law right to be present at trial and guarantees that right at every stage of the trial. *Commonwealth* v. *Millen*, 289 Mass. 441, 452–453. By narrowing the definition of "trial," however, the rule has been somewhat relaxed in modern times. It does not, for example, apply to a hearing on a motion for a new trial, *Commonwealth* v. *Costello*, 121 Mass. 371, or to pre-trial motions, *Commonwealth* v. *Millen*, *supra*, at 454 (motions for change of venue and continuance). Even during the trial it has been held, although by a closely divided court, not to apply to a jury view. *Snyder* v. *Massachusetts*, 291 U. S. 97. Courts have, however, uniformly held that the defendant has a right to be present when jurors are being examined as to their qualifications (annotation, 26 A. L. R. 2d 762, 766) since the matter of challenges to jurors is an essential part of the trial. *Hopt* v. *Utah*, 110 U. S. 574, and *Lewis* v. *United States*, 146 U. S. 370. The defendant's presence at a hearing to determine whether jurors have engaged in misconduct seems to be no less crucial as a safeguard of his right to an impartial jury.

Such was the reasoning in *People* v. *Medcoff*, 344 Mich. 108, the only case found to be directly on point. There the court held it was error to exclude the defendant from the court's inquiry into alleged misconduct by a juror. The court said at pages 116–117: "It goes without saying that

the right to a [jury] trial by an impartial jury is a most fundamental one. The right of the accused to be present at all stages of the trial where his substantial rights might be affected is an equally fundamental one. Misconduct on the part of a juror during the progress of a trial is presumptively a ground for a new trial. . . . Courts have held that the presence of the accused is required when jurors are being examined as to their qualifications. . . . The making or trying of challenges to jurors is an essential part of the trial and requires the presence of the accused. . . . It would seem that the examination of a jury during the progress of the trial as to alleged misconduct affects a defendant's substantial rights to a trial by an impartial jury at least as much, if not more, than does an examination for qualifications or the making of challenges. All concern the impartiality of the jury which cannot be considered a preliminary, formal or inconsequential matter [citations omitted]." We agree with this reasoning.

While we have never squarely faced the precise issue, this court has recently pointed out that "[P]resent day decisions indicate that it would be improper to deny to a defendant the privilege of being present at a voir dire, if an appropriaate request for his presence is made [citations omitted]." *Amado* v. *Commonwealth,* 349 Mass. 716, 721.

The question remains whether the error in excluding the defendant from the voir dire over his objection and exception calls for reversal. We are of opinion that it does. The fact that the judge found that there had been no misconduct is not controlling. See *People* v. *Medcoff, supra,* p. 117. It is frequently to the defendant's advantage to communicate orally with his counsel in the course of a witness's testimony since he may have information which may aid his counsel in examining the witness. *Guerin* v. *Commonwealth,* 339 Mass. 731, 734–735. We think that in the circumstances of this trial Robichaud's presence at the voir dire might have been of value to him and his counsel.

*Judgment reversed.*
*Verdict set aside.*