COMMONWEALTH *vs.* WILLIAM PEREZ. No. 90-P-394. April 12, 1991.
*Jury and Jurors. Constitutional Law*, Jury. *Practice, Criminal*, Deliberation of jury, Presence of defendant.

The defendant was tried before a fourteen-person jury on several criminal charges.[1] On the second day of trial, twelve persons retired to deliberate at 2:35 P.M. At 2:05 P.M. the following day, the jury sent a note to the judge telling him that they were deadlocked on all charges. With all counsel present, the judge instructed them in accordance with *Commonwealth* v. *Rodriguez*, 364 Mass. 87, 101-102 (1973), and sent them back out to deliberate at 2:10 P.M. At 2:45 P.M., for reasons not evident from the record, the jury were back in the courtroom. Neither defense counsel nor the defendant was present, nor was the prosecutor. The record shows that the judge asked who the "missing juror" was, replaced that juror with an alternate, and told the jury that they would have to begin their deliberations anew. He then sent them home for the day, a Friday, with instructions to return on Monday. The record then shows that, fifteen minutes later, the defendant, defense counsel, and the prosecutor appeared before the judge. Defense counsel asked about progress of the jury deliberations, and the judge responded that he had sent the jury home "because they were tired." He then added that the jury had "one juror out sick and she's been replaced with an alternate juror." Defense counsel immediately objected to the replacement having taken place in the absence of the defendant and moved for a dismissal of the indictments. The judge denied the motion. On Monday, the jury returned and the judge instructed them to "go back with

---

[1]The defendant was tried on charges of threat to murder, armed robbery, and two counts of assault and battery with a dangerous weapon.

[the] new juror" and start from "square one." On the following day, the jury reported that they were deadlocked on the charge of threat to murder. The judge declared a mistrial as to that charge, and the Commonwealth entered a statement of nolle prosequi. On the same day, the jury found the defendant guilty of one count of assault and battery with a dangerous weapon and not guilty of the remaining charges.

On appeal, the defendant challenges the judge's discharge of a deliberating juror in his absence as a violation of his right to a fair jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Declaration of Rights of the Massachusetts Constitution, as well as under G. L. c. 234, § 26B. Specifically, the defendant argues that (1) the discharge and replacement of a deliberating "sick" juror required a judicial inquiry into the alleged illness and (2) he had a fundamental right to be present at the proceeding as it was a matter that might affect his substantial rights. We agree.

"The discharge of a deliberating juror is a sensitive undertaking and is fraught with potential for error. It is to be done only in special circumstances, and with special precautions." *Commonwealth v. Connor*, 392 Mass. 838, 843 (1984). "The discharge of [a] juror without a hearing and without facts on the record which support a conclusion of . . . illness or other good cause violates" G. L. c. 234, § 26B.[2] *Id.* at 847. "The trial court has at most a limited discretion to determine that the facts show an inability to perform the functions of a juror, and that inability must appear in the record as a demonstrable reality." *Id.* at 846-847, quoting from *People v. Collins*, 17 Cal. 3d 687, 696 (1976), cert. denied, 429 U.S. 1077 (1977). There is nothing in this record beyond the judge's statement that a juror was "sick" which shows the relevant circumstances. Compare *Commonwealth v. Haywood*, 377 Mass. 755, 767 n.13 (1979) (fact of discharged juror's illness confirmed by attending doctor to judge in presence of counsel). Therefore, because the record does not state the facts which showed the juror's inability to perform her functions, we are left merely with the discharge of the deliberating juror. In these circumstances the discharge was error.

Further, the process of replacing the deliberating juror took place in the absence of the defendant and his counsel. "The right of the accused to be

---

[2]General Laws c. 234, § 26B, as appearing in St. 1967, c. 285, sets out the procedure to be followed for discharging a deliberating juror and substituting an alternate; it provides in pertinent part:

"If, at any time after the final submission of the case by the court to the jury and before the jury has agreed on a verdict, a juror dies, or becomes ill, or is unable to perform his duty for any other good cause shown to the court, the court may order him to be discharged and direct the clerk to place the names of all of the remaining alternate jurors in a box and draw the name of an alternate, who shall then take the place of the discharged juror on the jury, which shall then renew its deliberations with the alternate juror."

present at all stages of the trial where his substantial rights might be affected is [a] . . . fundamental one." *Commonwealth* v. *Robichaud*, 358 Mass. 300, 303 (1970). See also *Commonwealth* v. *Bobilin*, 25 Mass. App. Ct. 410, 415 (1988). We think that a proceeding to hear evidence of a juror's illness and possible replacement requires the defendant's presence. Cf. *Commonwealth* v. *Robichaud*, *supra* at 303 (reversible error where defendant excluded over his objection from voir dire regarding juror misconduct).

*Judgment reversed.*

*Verdict set aside.*

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.