COMMONWEALTH *vs.* MICHAEL F. SKINNER.

No. 91-P-1401.

Middlesex. April 7, 1993. - May 18, 1993.

Present: BROWN, KASS, & LAURENCE, JJ

*Practice, Criminal,* Presence of defendant, Examination of jurors, Voir
dire, Instructions to jury. *Error,* Harmless. *Constitutional Law,* Trial
by jury. *Homicide. Insanity.*

Although the defendant at a criminal trial was constitutionally entitled to
be physically present at sidebar during voir dire examinations of jurors
who, after having had the questions required by G. L. c. 234, § 28, put
to them, informed the trial judge that they had reservations about serv-
ing as jurors, the judge's error in excluding the defendant from sidebar
was harmless beyond a reasonable doubt inasmuch as review of the jury
selection process demonstrated that the possibility of prejudice to the
defendant was remote and extremely speculative. [492-493]
At the trial of a first-degree murder indictment, there was no error in
those aspects of the judge's instructions to the jury relating to man-
slaughter [493] and sanity [493].

INDICTMENT found and returned in the Superior Court De-
partment on July 30, 1985.

After review by the Supreme Judicial Court, 408 Mass. 88
(1990), the case was retried before *Richard G. Stearns,* J.

*John H. Cunha, Jr.,* for the defendant.

*Rosemary D. Mellor,* Assistant District Attorney, for the
Commonwealth.

KASS, J. From a conviction of murder in the second degree
on an indictment of murder in the first degree, the defendant
Skinner has appealed.[1]

---

[1]After an earlier trial, Skinner was convicted of murder in the first de-
gree. That conviction was reversed, see *Commonwealth* v. *Skinner,* 408
Mass. 88 (1990), and a second jury trial led to the conviction here ap-
pealed from.

1. *Right of defendant to be present at sidebar voir dire of potential juror.* Much that the parties contest was resolved in the recent decision in *Commonwealth* v. *Owens*, 414 Mass. 595 (1993). It must now be taken as established that (barring, perhaps, exceptional and demonstrable considerations of courtroom security) a defendant is entitled physically to be present at sidebar during voir dire examinations of jurors who, after having had the questions required by G. L. c. 234, § 28, put to them, inform the trial judge that they have reservations about serving as jurors.[2] *Id.* at 602-603. This principle assumes that the defense has requested that the defendant be physically present at the sidebar during such a voir dire examination. In this case defense counsel made the necessary request, and the trial judge denied it. The judge at the time of trial in 1991 did not have the benefit of the 1993 *Owens* opinion and followed what he took to be the general practice of the Superior Court. See *Commonwealth* v. *Robichaud*, 358 Mass. 300, 303 (1970), which required the presence of a defendant in the chamber when a hearing involving possible juror misconduct was being held, but did not speak to the necessity of presence at a sidebar conference.

Although it was error not to allow the defendant to be present at sidebar, reversal does not follow if the error is harmless beyond a reasonable doubt. *Commonwealth* v. *Owens*, *supra* at 603-606, at which the reasons for such an approach are explicated. The defendant has not pointed to any interchange with a juror who was seated which might have caused the defendant to make a challenge. In his brief on appeal, the defendant calls attention to the skepticism articulated by juror number 1-11 about psychiatric testimony, but, as matters turned out, juror 1-11 (as counsel for the defendant conceded at argument) was not seated on the jury. In a

---

[2]Rather than conducting voir dire examinations of this type at sidebar, a trial judge may temporarily excuse from the courtroom those members of the venire not provisionally chosen, and examine the jurors in such manner that the defendant can see and hear the prospective juror as well as anybody else.

supplementary brief in letter form, which we invited at argument because of the freshness of the *Owens* decision,[3] the defense points to three other jurors who expressed reservations (one was later named an alternate) about serving on the jury after hearing the G. L. c. 234, § 28, questions. Of those three, two expressed concern primarily about their private or work schedules. It is altogether implausible that the defendant would have brought insight to that question or that, once they agreed to serve, those jurors would have been prejudiced against the defendant. The third juror told the judge he had served as a juror on a murder case some eight years earlier and was still "bothered by it sometimes. We convicted him as guilty." The comment reflects no anti-defendant bias.

In *Owens*, the court cautions against a per se rule of prejudice and remarks that, "Whatever benefit the defendant would gain from being within hearing range of the jurors' responses during the voir dire was available to him through the presence of his counsel" who was there to confer with the defendant during the voir dire examinations. *Commonwealth v. Owens*, 414 Mass. at 605-606. Upon review of the record of the jury selection process, the possibility of prejudice to the defendant flowing from his absence from sidebar is remote and speculative in the extreme, and the error committed in barring the defendant from sidebar, as in *Owens*, was harmless beyond a reasonable doubt. The defendant has offered no persuasive argument that he would have directed his lawyer to challenge a particular juror who was seated, if only he, the defendant, had been present at the sidebar voir dire examinations. The loss of opportunity to study the visage of a prospective juror is not of consequence. *Commonwealth v. Owens*, 414 Mass. at 605.

Nothing in the defendant's supplementary brief persuades us that art. 12 of the Massachusetts Declaration of Rights forecloses the harmless error analysis appropriate under the Sixth and Fourteenth Amendments to the United States Constitution, a question not decided in *Commonwealth v.*

---

[3]We extended that invitation because the briefs of the parties were filed before the *Owens* decision was published.

*Owens*, 414 Mass. at 603 n. 3, because it was not raised. The textual distinctions between the Sixth Amendment, ". . . the accused shall enjoy the right to a . . . public trial, by an impartial jury," and art. 12, ". . . no subject shall be . . . deprived of his . . . liberty, or estate, but by the judgment of his peers . . . ," do not suggest that transgression of the State provision should be the occasion for per se error when transgression of the Federal provision is not.

The defendant highlights that language in art. 12 which confers a right "to meet the witnesses against him face to face . . . ," and draws from it a right of an accused to face down potential jurors. But the Massachusetts "face to face" version of the Sixth Amendment right of confrontation concerns a quite different subject: the right to confront accusers. What is implicated in jury selection is the right to an impartial jury. See *Commonwealth* v. *Robichaud*, 358 Mass. at 303.

2. *Portion of the instruction relating to manslaughter.* To suggest that the judge invaded the province of the jury when he observed, during the course of his charge to the jury, that "You must remember that the verdict of manslaughter[4] is not a compromise," it is necessary to wrench that sentence entirely out of context. It requires ignoring, for example, the very next sentence in the charge: "It is a permissible verdict if, in your judgment, the facts fit the crime of manslaughter rather than murder in the first [degree] or second degree." There was no error in this aspect of the charge.

3. *Portion of the charge relating to sanity.* That portion of the jury charge, also objected to by the defendant, to the effect that "you may consider that a majority of people are sane" states the law as set forth in *Commonwealth* v. *Matthews*, 406 Mass. 380, 390 (1990).

*Judgment affirmed.*

---

[4]As we have noted, the defendant was convicted of second degree murder on an indictment charging first degree murder.