COMMONWEALTH *vs.* MICHAEL TREADWELL. No. 93-P-1012. December 15, 1994. *Evidence*, Hearsay, Common criminal enterprise. *Joint Enterprise. Practice, Criminal*, Presence of defendant, Instructions to jury.

The defendant was tried in Superior Court and convicted by a jury for trafficking in over fourteen grams of cocaine and conspiracy to traffic in cocaine. On appeal the defendant argues that the judge erred in (1) refusing to grant his request to be present at side bar during the voir dire of prospective jurors, (2) admitting in evidence a hearsay statement inculpating the defendant, and (3) failing to give the constitutionally required so-called "no adverse inference" jury instruction when the defendant re-

quested her to do so.[1] See *Carter* v. *Kentucky*, 450 U.S. 288, 300 (1981). We reverse.

As a preface, we think the defendant did not receive a fair trial. This was one of those trials where defense counsel made all the right objections, but the judge unwisely did not pay heed. Although we address at length only one error, the judge also ruled incorrectly on the other issues raised on appeal.

The judge committed prejudicial error in admitting a hearsay statement of an alleged joint venturer or coconspirator to prove a common criminal enterprise where there was not "sufficient nonhearsay evidence to establish 'an adequate probability' that the declarant and the defendant were engaged in the criminal enterprise." *Commonwealth* v. *Cartagena*, 32 Mass. App. Ct. 141, 143-144 (1992), quoting from *Commonwealth* v. *White*, 370 Mass. 703, 709 n.7 (1976). For such a statement to be admissible, "[a]n adequate probability of the existence of the common venture, including participation by the given defendant, [must] be established as a preliminary matter." *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 340 (1983), quoting from *Commonwealth* v. *White, supra.* Here, there was nothing whatever to indicate any role by the defendant in the later criminal endeavor except for the hearsay statement itself. Thus, the "necessary foundation" (*Commonwealth* v. *Soares*, 384 Mass. 149, 159 [1981]) for the admission of that statement in evidence was lacking.

As the defendant is entitled to a new trial based essentially on the reasoning and authorities set out in the defendant's brief relative to the improper admission of an extrajudicial statement of a person alleged to be a coconspirator, we need only make brief comment on his other two claims.

At any retrial, the judge should not refuse, if made, the defendant's request to be present at side bar conferences (if any) during voir dire of prospective jurors. See *Commonwealth* v. *Owens*, 414 Mass. 595, 601-603 (1993); *Commonwealth* v. *Skinner*, 34 Mass. App. Ct. 490, 491-492 (1993). Nor should the judge refuse to instruct the jury, if requested, that they "may not draw an adverse inference from the fact that the defendant did not testify." See *Carter* v. *Kentucky, supra.*

*Judgments reversed.*
*Verdicts set aside.*

*Brownlow M. Speer*, Committee for Public Counsel Services (*James J. Coviello* with him) for the defendant.

*Lucy A. Manning*, Assistant District Attorney, for the Commonwealth.

---

[1] Defense counsel's performance was exemplary: he complied with Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), by timely submitting, in writing, such an instruction; by, again, at the conclusion of the charge, making precise mention of the judge's omission of the requested language; and, after the judge refused to comply with his request, by making a clear and specific objection.