COMMONWEALTH *vs.* DWIGHT WHITE.

Nos. 93-P-1389 & 94-P-841.

Essex. November 15, 1994. - December 22, 1994.

Present: BROWN, FINE, & PORADA, JJ.

*Practice, Criminal,* Presence of defendant, Examination of jurors, Voir dire, Waiver. *Waiver. Constitutional Law,* Waiver of constitutional rights.

A Superior Court judge improperly ordered the defendant removed from the courtroom during the entire jury selection and the error was not harmless given the importance of the defendant's right to be present, the scant attention to it paid by the judge and the chance that the jurors speculated adversely about the defendant's unexplained absence. [759-763]

INDICTMENT found and returned in the Superior Court Department on January 8, 1991.

The case was tried before *John T. Ronan,* J.

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*Susanne Levsen,* Assistant District Attorney, for the Commonwealth.

FINE, J. After a jury trial in Superior Court, the defendant was convicted of trafficking in more than 200 grams of cocaine. Of the three issues raised on appeal from his conviction and the denial of his motion for a new trial, we need discuss only the defendant's contentions concerning his exclusion from the courtroom during the jury selection process. We conclude on the basis of the record at trial, without relying on the affidavits supporting the motion for a new trial, that there was error, not harmless beyond a reasonable doubt, and that the defendant, therefore, is entitled to a new trial.

When the case was called for trial, the defendant asked for a continuance, telling the judge that he wasn't ready and that he did not want to be represented by his court-appointed attorney, Joseph F. Collins. In a brief discussion, during which the judge insisted, incorrectly, that the defendant had fired three other court-appointed attorneys, the judge refused to grant a continuance, giving the defendant the choice of going forward with Mr. Collins or pro se. The discussion proceeded as follows:

> THE COURT: "I am [ready]. The case is going today and that's the end of it."
>
> THE DEFENDANT: "Then go without me. I'm not. I'm not."
>
> THE COURT: "If you don't stay here, that's fine. We will go forward without you, but we will keep you in Mr. Murphy's office. Keep the door open and keep him shackled."
>
> "What do you want to say, Mr. Collins?"
>
> THE DEFENDANT: "Go on without me. I'm not going to do it."
>
> THE COURT: "You have said enough. Take him out of here."

The defendant was taken from the courtroom and placed, in handcuffs and with his feet chained, in an office off the courtroom, with the door partially ajar. According to the judge, the defendant, from his vantage point, could see some of what was going on in the courtroom, but it was doubtful that he could see the jurors.[1] In a lobby conference, held in the defendant's absence, the judge indicated to Mr. Collins that, if he could be assured by the defendant that he would behave properly, he would give the defendant an opportunity, prior

---

[1] According to Mr. Collins' and the defendant's affidavits, he could see neither the jurors nor the bench, and the defendant stated he could not hear.

to empanelling, to resume his place in the courtroom. The record does not indicate, however, that Mr. Collins conferred with the defendant at that time. Instead, the record indicates that the prosecutor moved for trial, with the jury pool present. The prospective jurors were sworn; the judge asked the required statutory questions and excused some jurors based on their responses; he declared the remainder of the panel indifferent; and he seated twelve jurors. The judge then told Mr. Collins that he could confer with the defendant about the seated jurors. Mr. Collins left, and, when he returned, he told the judge, "He doesn't want to do it, your honor."[2] Both sides proceeded to exercise peremptory challenges, and the process continued until the jury was complete. Following that, the jurors were sworn, given preliminary instructions, and dismissed until two days later. When the trial resumed, the defendant and the jurors were together in the courtroom for the first time. The defendant's attorney did not object to the defendant's previous absence, and no mention was ever made to the jurors of his absence on the first day of trial or his sudden appearance. The defendant was present in the courtroom for the rest of the trial.

A defendant has a constitutional right, Federal and State, to be present at all critical stages of a criminal proceeding, including the jury empanelment stage in which jurors are examined and peremptory challenges are exercised. *Commonwealth* v. *Owens*, 414 Mass. 595, 602 (1993), and cases cited. See also *Commonwealth* v. *Robichaud*, 358 Mass. 300, 302 (1970); *Commonwealth* v. *Skinner*, 34 Mass. App. Ct. 490, 491 (1993); Mass.R.Crim.P. 18(a), 378 Mass. 887 (1979).

Relying on the principle that a defendant's seating in the courtroom is a matter within the discretion of the trial judge, see *Commonwealth* v. *Campbell*, 378 Mass. 680, 697-698

---

[2]In their affidavits, both Mr. Collins and the defendant stated that there was no discussion of the jury selection process or the jurors seated. Counsel also stated that he chose not continually to interrupt the proceedings to confer with the defendant as to do so would have called undue attention to his absence.

(1979), the Commonwealth first contends that the defendant should not be viewed as having been absent from the courtroom. We consider that contention unrealistic. The room in which the defendant was placed was separate from the courtroom, he was immobilized, and he and the jurors were unable to see each other.

The suggestion is also made that the defendant forfeited or waived the right to be present during jury selection. There is no contention that he engaged in such obstreperous behavior as might have amounted to a forfeiture. Compare *Commonwealth* v. *Senati,* 3 Mass. App. Ct. 304, 307 (1975). He did tell the judge twice to proceed to trial without him. Even if we assume that a defendant may be held to have waived his right to be present at the commencement of the trial, but see Reporters' Notes to Mass.R.Crim.P. 18(a)(1), Mass. Ann. Laws, Rules of Criminal Procedure, at 366 (Law. Co-op. 1979), or at any time while *in custody,* compare *Commonwealth* v. *Flemmi,* 360 Mass. 693, 694 (1971), we do not think the defendant's comments, in the circumstances, amounted to a waiver. Because the right to be present for jury selection is a fundamental one, waiver is not lightly presumed. To assure that the right is being relinquished knowingly and intelligently, the defendant must be informed of it and must expressly waive it in open court. *United States* v. *Gordon,* 829 F.2d 119, 125 (D.C. Cir. 1987). *United States* v. *Hernandez,* 873 F.2d 516, 519 (2d Cir. 1989). *United States* v. *Camacho,* 955 F.2d 950, 955 (4th Cir. 1992), cert. denied, 114 S.Ct. 571 (1993).

In his brief and somewhat brusque discussion with the defendant, the judge neither explained the jury selection process nor mentioned the defendant's right to be present to aid his counsel in selecting a jury. The entire discussion was not about jury selection but the defendant's dissatisfaction with his attorney, and the judge even neglected to make the required inquiry of the defendant, see *Commonwealth* v. *Moran,* 388 Mass. 655, 659 (1983); *Commonwealth* v. *Fogarty,* 25 Mass. App. Ct. 693, 698 (1988), as to the reason for that dissatisfaction. Indeed, he jumped to the erroneous conclu-

sion that the defendant had fired three attorneys. The record does not indicate that Mr. Collins conferred with the defendant after he was removed from the courtroom and before the empanelment process began. Once removed, as a practical matter, the defendant would have been unable to assert his right to be present. Mr. Collins told the judge, "[h]e doesn't want to do it," after talking to the defendant. Not only was that statement not an unambiguous waiver of the defendant's right to participate in the selection of the jury, but also it is doubtful that Mr. Collins could have waived the defendant's right to be present. See *Larson* v. *Tansy*, 911 F.2d 392, 396 (10th Cir. 1990).

We must still determine whether, as the Commonwealth contends, the error was harmless beyond a reasonable doubt.[3] In two recent cases, *Commonwealth* v. *Owens*, 414 Mass. at 606, and *Commonwealth* v. *Skinner*, 34 Mass. App. Ct. at 492, absence of the defendant from the portion of the jury selection process consisting of the sidebar voir dire of individual jurors, although acknowledged as error, was held to be harmless beyond a reasonable doubt. In *Owens*, 414 Mass. at 601-606, competent defense counsel participated in the voir dire and conferred with the defendant before exercising his peremptory challenges, the defendant expressed satisfaction with the jury selected, and there was no specific claim of prejudice. Relying on *Owens*, this court in a similar situation in *Skinner* said: "The defendant . . . offered no persuasive argument that he would have directed his lawyer to challenge a particular juror who was seated, if only he, the defendant, had been present at the sidebar voir dire examinations. The loss of opportunity to study the visage of a

---

[3]The Commonwealth does not contend that, because defense counsel failed to object, the standard should be substantial risk of a miscarriage of justice. Apparently on the assumption that defense counsel cannot waive so fundamental a right as the one involved here by failing to object, Federal courts in similar situations review to determine whether the error was harmless beyond a reasonable doubt. See *United States* v. *Gordon*, 829 F.2d at 127; *United States* v. *Mackey*, 915 F.2d 69, 73, 74 (2d Cir. 1990); *United States* v. *Alikpo*, 944 F.2d 206, 209-210 (5th Cir. 1991); *United States* v. *Camacho*, 955 F.2d at 955.

prospective juror is not of consequence." *Commonwealth* v. *Skinner*, 34 Mass. App. Ct. at 492.

The instant case is distinguishable, however, from both *Owens* and *Skinner*. In both of those cases the defendant was absent from only the sidebar conference, a small portion of the jury selection process. The defendant here was absent from the entire jury selection process. He observed none of the prospective jurors and participated in none of the peremptory challenges. He was unable to assist counsel or "to exert a psychological influence upon the jury," compare *Larson* v. *Tansy*, 911 F.2d at 396. In addition, his absence throughout the first day of the trial must have been noticed by the jury, causing potentially adverse speculation. In *United States* v. *Gordon*, 829 F.2d at 127-128, which also involved a defendant's absence from the entire jury selection process, the court, finding the error not harmless beyond a reasonable doubt, distinguished cases involving a defendant's exclusion only from sidebar conferences or only for a brief period. See also *United States* v. *Alikpo*, 944 F.2d at 209-210; *United States* v. *Camacho*, 955 F.2d at 956.

We understand that the totality of the circumstances must be considered in determining whether error is harmless beyond a reasonable doubt. It is true that the defendant expressed a desire to have the case go forward without him, that defense counsel was told he could consult with the defendant at any time, and that counsel appears to have represented the defendant competently during jury selection and at trial. Also, no particular bias on the part of the jurors has been shown, and the evidence of guilt was strong. We are skeptical of the defendant's claim, made for the first time after, the verdict, that he would have challenged several of the jurors who were elderly. On the other hand, "the right to exercise peremptory challenges . . . is 'one of the most important of the rights secured to the accused . . .'" (citations omitted). *Commonwealth* v. *Lapka*, 13 Mass. App. Ct. 24, 34 (1982).

> "It is of the utmost importance that the defendant be present when the jury is being selected. . . . [T]he de-

fendant has unique knowledge which is important at all stages of the trial, including *voir dire*. . . . He may . . . have knowledge of facts about himself or the alleged crime which may not have seemed relevant to him in the tranquility of his lawyer's office, and thus may not have been disclosed, but which may become important as the individual prejudices or inclinations of the jurors are revealed. He may also be a member of the community in which he will be tried and might be sensitive to particular local prejudices his lawyer does not know about."

*United States* v. *Alessandrello*, 637 F.2d 131, 151 (3d Cir. 1980) (Higginbotham, J., dissenting), cert. denied, 451 U.S. 949 (1981). Given the importance of the right, the scant attention paid to it by the judge, and the chance that the jurors speculated adversely about the defendant's unexplained absence, we cannot say we have no reasonable doubt that the error was harmless. Accordingly, the defendant is entitled to a new trial.

*Judgment reversed.*
*Verdict set aside.*