Commonwealth v. Caldwell.

COMMONWEALTH vs. EDWARD CALDWELL.

No. 96-P-1634.

Hampden. January 7, 1998. - June 9, 1998.

Present: GREENBERG, DREBEN, & LENK, JJ.

*Jury and Jurors. Practice, Criminal,* New trial, Voir dire, Presence of defendant, Examination of jurors. *Constitutional Law,* Jury.

In a criminal case in which the judge dismissed a deliberating juror for "good cause" pursuant to G. L. c. 234, § 26B, in the defendant's absence, without determining whether the defendant had effectively waived his presence, where the facts on the record supported the judge's decision to discharge the juror, the error in excluding the defendant was harmless beyond a reasonable doubt. [44-48]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on June 2, 1994.

The case was tried before *Alphonse C. Turcotte,* J., and a motion for a new trial was heard by him.

*Richard A. Davidson, Jr.,* for the defendant.

*Jennifer S. Brand,* Assistant District Attorney, for the Commonwealth.

LENK, J. This appeal arises from the defendant's conviction, by a District Court jury, of distribution of a class B substance, G. L. c. 94C, § 32A($a$), and of distribution within a school zone, G. L. c. 94C, § 32J. The defendant claims that the judge erred in dismissing one of the deliberating jurors for cause in the defendant's absence at the G. L. c. 234, § 26B,[1] hearing. Immediately upon learning of this action, the defendant noted his objection and subsequently requested a new trial, which the

---

[1]The pertinent part of G. L. c. 234, § 26B, as inserted by St. 1967, c. 285, reads as follows: "If, at any time after the final submission of the case by the court to the jury and before the jury has agreed on a verdict, a juror dies, or becomes ill, or is unable to perform his duty *for any other good cause shown to the court,* the court may order him to be discharged." (Emphasis added.)

judge denied. On appeal, the defendant also contends that the trial judge erred in denying his motion for a new trial. We conclude that no reversible error occurred.

The facts leading up to the defendant's arrest and conviction of distribution of cocaine within a school zone are not relevant to the issue now before us. We relate, therefore, only the facts and circumstances necessary to review the denial of the defendant's motion for a new trial.

The defendant was tried before a District Court jury on October 31, 1995. Only three witnesses testified at trial. Two Springfield police officers and the assistant principal of the Rebecca M. Johnson School testified on behalf of the Commonwealth. The jury retired to deliberate that afternoon.

Some time later, the jury submitted a question to the judge requesting transcripts of the police officers' testimony. Although defense counsel was willing to waive the defendant's right to be present when the judge responded to the jury's question, the judge decided to bring the defendant back into the courtroom so as to avoid causing potentially adverse speculation by the jurors regarding the defendant's absence. The judge denied the jurors' request for transcripts and dismissed the jury for the night.

The jurors resumed their deliberations at 9 A.M. on November 1, 1995. While the jury deliberated, the prosecutor informed the judge that the name of one of the deliberating jurors, Alphonso Clark, was familiar to him and that the police officers who had testified recognized the juror by both face and name. After the close of court on October 31, one of the officers obtained a copy of Clark's criminal record which disclosed a prior conviction of possession of cocaine as well as possession of marijuana. Clark had not provided this information, as required, on his juror questionnaire.

After this information was brought to his attention, the judge asked both the prosecutor and the defense counsel if they had any recommendations as to how the situation should be handled. Defense counsel requested a colloquy with Clark to ensure that the criminal record obtained by the police in fact belonged to Clark.[2] Defense counsel did not, however, request the presence of his client, who was in the lockup. The judge conducted the

[2]Defense counsel's request was as follows, "Your honor, I would prefer, I just want to make a hundred percent — be a hundred percent sure that this is the same individual and I'd ask of you to bring him in alone and ask him questions so as to determine his identity as being the same person and if the

Commonwealth v. Caldwell.

requested hearing outside the presence of the other jurors and the defendant but in the presence of the prosecuting and defense attorneys; Clark admitted that he had been convicted of possession of marijuana and possession of cocaine, facts which he failed to disclose on his juror questionnaire. Defense counsel neither objected to the proceedings nor at any time requested his client's presence. The judge determined that good cause existed to excuse Clark, the sole African-American, from the jury. The judge then brought the jury back into the courtroom, again absent the defendant, and instructed the jurors to begin their deliberations anew with the alternate juror participating in the deliberations. The jury resumed their deliberations that afternoon and returned a verdict of guilty on both charges issued against the defendant.

At sentencing, the defendant pointed out that when he was returned to the courtroom to hear the verdict, he noticed that the composition of the jury had changed.[3] The defendant asked the judge, "How come I was not brought out here when that juror was dismissed? I have a right to see all that's going on, what's going on here?" The judge did not address the defendant's concern and imposed a sentence of two years on the complaint for distribution and two years on and after that sentence on the complaint for distribution within a school zone.[4] The defendant filed a motion for a new trial which was denied, after a hearing, on June 7, 1996.

The sole issue in this case is whether it was reversible error for the trial judge to have conducted a voir dire hearing on the question of juror misconduct in the defendant's absence where defense counsel, not the defendant, waived the defendant's right to be present at the colloquy. The defendant contends that he has a fundamental right to be present when the judge conducts an inquiry about a consequential matter in the case and that the failure to include him at such an inquiry denied him his right to a fair trial. Our case law requires the judge, in such circum-

Court is satisfied, then I assume you will take action with regard to the alternate juror."

[3]The defendant noted, "I don't know how, when I came out here, there were seven jurors and you took the jurors away, came back out here and they found me guilty. I thought they was in deliberating and I'd come back. One juror was missing."

[4]The distribution sentence was later revised with one year to be served concurrently with the school zone sentence and the balance suspended until January 17, 1998.

stances, to ensure on the record that the defendant either was present while the juror was examined or that the defendant had effectively waived his own presence. However, as we discuss below, because it is highly unlikely that the defendant's presence at the Clark colloquy would have affected the judge's decision regarding Clark's discharge from the jury, the judge's error in failing to assure the defendant's presence or effective waiver thereof was harmless beyond a reasonable doubt and does not require reversal.

"A motion for new trial is addressed to the sound discretion of the judge, and the judge's disposition of the motion will not be reversed on appeal unless it is manifestly unjust, or unless the trial was infected with prejudicial error." *Commonwealth* v. *Moore*, 408 Mass. 117, 125 (1990) (citations omitted). Thus, a trial judge, upon motion in writing, may grant a new trial if it appears that justice may not have been done. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). "The decision of the motion judge is entitled to special deference if that judge was also the trial judge." *Commonwealth* v. *Figueroa*, 422 Mass. 72, 77 (1996). Such is the situation now before us.

The transcript of the colloquy with juror Clark is unfortunately incomplete, much of the conversation apparently not having been recorded. Fortunately, the transcript of the subsequent hearing on the defendant's motion for a new trial sheds some light. The motion transcript indicates that, at the colloquy, defense counsel waived the defendant's right to be present by indicating that he did not "believe there's a need" for the defendant to be present and by failing to object to the defendant's absence therefrom. On the basis of this waiver at the hearing on the motion for a new trial, the judge concluded that the defendant had agreed to the colloquy being conducted in his absence and, consequently, denied the defendant's motion. From the transcript of the sentencing hearing, however, it is clear that the defendant was not aware that the colloquy had been conducted, was surprised to observe that Clark had been discharged from the jury, and certainly had not agreed to the colloquy being conducted in his absence.

Under Mass.R.Crim.P. 18(a), 378 Mass. 887 (1979), "[i]n any prosecution for crime the defendant shall be entitled to be present at all critical stages of the proceedings." This rule has been held to include any proceeding where the question of whether a deliberating juror should be removed from the jury is

being considered. *Commonwealth* v. *Robichaud*, 358 Mass. 300, 302 (1970). Thus, whenever a judge undertakes to interview a juror about possible juror misconduct, the defendant's presence is crucial as a safeguard of his right to an impartial jury. *Ibid.* This requirement, that the defendant and his counsel be present, derives from the constitutional rights of confrontation and a fair trial. *Commonwealth* v. *Martino*, 412 Mass. 267, 286 (1992).

The United States Supreme Court has recognized that the defendant's constitutional right to be present at trial is one of those "basic rights that an attorney cannot waive without the fully informed and publicly acknowledged consent of the defendant." *Taylor* v. *Illinois*, 484 U.S. 400, 417-418 & n.24 (1987), citing *Cross* v. *United States*, 325 F.2d 629 (D.C. Cir. 1963). Therefore, for the voir dire of Clark to have been proper, the judge should have ensured on the record either that the defendant was present, or that the defendant made a voluntary, knowing and intelligent waiver of his right to be present at the voir dire. *Commonwealth* v. *Hicks*, 22 Mass. App. Ct. 139, 147 (1986). The judge's failure to do so in this case was error.

Nonetheless, the absence of the defendant from such a colloquy does not automatically constitute reversible error. See *Commonwealth* v. *Hicks, supra.* Even though any violation of a constitutional right gives rise to presumptive prejudice, where the Commonwealth can make an affirmative showing that the error was harmless beyond a reasonable doubt, reversal of the conviction is not required. *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395, 399 (1975). See 3 LaFave & Israel, Criminal Procedure § 23.2 (1984). Thus, the burden shifts to the Commonwealth both to show affirmatively that the error was harmless and to make that showing beyond a reasonable doubt. *Ibid. Commonwealth* v. *Owens*, 414 Mass. 595, 603-604 (1993).

On the facts of this case, the Commonwealth has made such a showing. It was within the trial judge's sound discretion to remove a deliberating juror for good cause during the course of the trial. G. L. c. 234, § 26B. In order to determine whether good cause existed, the judge was required to, and did, hold a hearing. *Commonwealth* v. *Connor*, 392 Mass. 838, 843-844 (1984). At the hearing, the judge concluded that juror Clark concealed his prior criminal convictions when filling out his

juror questionnaire.[5] Apparently deciding that the facts, appearing on the record as "demonstrable reality," showed Clark's inability to perform the functions of a juror, the judge excused Clark from the jury.[6] See *People* v. *Johnson*, 6 Cal. 4th 1, 22 (1993), cert. denied, 513 U.S. 844 (1994) (concealment of prior criminal charges constitutes good cause for discharge of a juror). Compare *Commonwealth* v. *Martino*, 412 Mass. at 286, 287 (where grandfather of deliberating juror on murder trial had been convicted of murder and had been imprisoned for ten years, defendant and both counsel agreed that "the volatility of leaving a person on there like that, and not knowing the problems that could result in any way" warranted the discharge of that juror). Contrast *Commonwealth* v. *Connor*, 392 Mass. at 847 (judge's discharge of juror without a hearing and without facts on the record which supported a conclusion of mental illness or other good cause was an abuse of discretion requiring reversal of the defendant's convictions); *Commonwealth* v. *Perez*, 30 Mass. App. Ct. 934, 935 (1991) (where record did not state facts which showed the juror's inability to perform her functions, discharge of deliberating juror in the defendant's absence was error).

Based upon the inadequate record before us, it appears that the judge may not have inquired of Clark as to the reasons he failed to disclose his criminal record and the effects of his prior drug convictions on his ability to perform his duty as a juror, both desirable lines of inquiry in the circumstances. Where, as here, the transcript is incomplete, it is of course the defendant's

[5]Although the judge declined to make a determination as to contempt, he was satisfied that Clark had concealed, purposefully or otherwise, his prior conviction of possession of a class B controlled substance, cocaine, when filling out his juror questionnaire.

[6]In *Commonwealth* v. *Connor*, 392 Mass. 846-847, the Supreme Judicial Court adopted the "demonstrable reality" standard as set forth in *People* v. *Compton*, 6 Cal. 3d 55, 60 (1971). This standard defines the limits of a trial judge's discretion in determining when to discharge a juror for good cause. Thus, in *Compton*, the court asserted that, in order to withstand scrutiny under the precise language of the California Penal Code, "the trial court has at most limited discretion to determine that the facts show an inability to perform the functions of a juror, and that inability must appear in the record as a demonstrable reality." *People* v. *Compton*, *supra* at 60. The California cases do, however, assert that concealment of prior criminal charges will satisfy this standard and constitute good cause for discharge of a juror. *People* v. *Johnson*, 6 Cal. 4th 1, 22 (1993). See *People* v. *Price*, 1 Cal. 4th 324, 400 (1991), cert. denied, 506 U.S. 851 (1992); *People* v. *Farris*, 66 Cal. App. 3d 376, 386-387 (1977).

burden as appellant to file a statement of the evidence from the best available means in order to complete the record on appeal. Mass.R.A.P. 8(c), as amended, 378 Mass. 932 (1979). The defendant has not met that burden and, in view of the extant record of inquiry which we know that the judge did in fact make, we decline to conclude that the trial judge abused his discretion in finding good cause to discharge Clark from the jury. See *People* v. *Price*, 1 Cal. 4th 324, 400 (1991), cert. denied, 506 U.S. 851 (1992) (although juror claimed that he could be fair and impartial, trial judge found that where juror had concealed material information about his prior criminal conviction, the parties were denied the opportunity to exercise intelligently their peremptory challenges and, consequently, the juror should be discharged). Where the facts on the record support the judge's decision to discharge Clark from the jury, the error in excluding the defendant from the voir dire was harmless beyond a reasonable doubt.[7] See *Commonwealth* v. *Hicks*, 22 Mass. App. Ct. at 147 (where the judge properly dismissed those jurors who may have been influenced by outside information, the error in excluding the defendant from the voir dire of those jurors was harmless beyond a reasonable doubt). Further, because no objection was raised below, review is under the substantial risk of a miscarriage of justice standard. *Ibid.* There was no such risk. Accordingly, we conclude that the judge did not abuse his discretion in denying the defendant's motion for a new trial. Consequently, the defendant's conviction is affirmed.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

---

[7] It is regrettable that the discharge of Clark from the jury resulted in the elimination of the sole African-American juror. There nonetheless existed a persuasive neutral reason for Clark's discharge, unrelated to the defendant's race. In this situation, the trial judge's removal of Clark from the jury does not constitute an abuse of discretion. Contrast *Commonwealth* v. *Harris*, 409 Mass. 461, 468 (1991) (where Commonwealth failed to justify juror challenge with a persuasive neutral reason unrelated to defendant's group membership, the challenge should not have been allowed). Although the "defendant is constitutionally entitled to a jury selection process free of discrimination against his grouping in the community," *Commonwealth* v. *Rodriguez*, 364 Mass. 87, 92 (1973), the defendant's right to the selection of a jury from a fair and representative cross section of the community does not require that each jury actually impaneled include constituents of every group in the population. *Commonwealth* v. *Soares*, 377 Mass. 461, 488, cert. denied, 444 U.S. 881 (1979).